**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4957**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAIME NOEL AYALA ARRIAZA,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:09-cr-00190-TSE-1)

Submitted:  September 2, 2010     Decided:  November 24, 2010

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Todd Richman, Assistant Federal Public Defender, Caroline S. Platt, Research and Writing Attorney, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Karen L. Dunn, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime Noel Ayala Arriaza appeals his conviction and seven-month sentence after entering a conditional guilty plea pursuant to a plea agreement to one count of possession of a firearm and ammunition by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2006). Arriaza's sole argument on appeal is that the district court erred when it denied his motion to suppress the fruits of a warrantless police search on his impounded vehicle because he alleges that the automobile exception to the warrant requirement did not justify the search post-Arizona v. Gant, ___ U.S. ___, 129 S. Ct. 1710 (2009). Because we disagree, we affirm the district court's judgment.

In reviewing the district court's denial of Arriaza's suppression motion, we review the district court's factual determinations for clear error and any legal determinations de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). Because the district court denied Arriaza's motion, we construe the evidence "in the light most favorable to the government." Id.

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. This guarantee requires that "searches be conducted pursuant to a warrant

2

issued by an independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). An established exception to this rule is the "automobile exception." Kelly, 592 F.3d at 589. Under this exception, police may search a vehicle without a warrant if "probable cause exists to believe it contains contraband" and the vehicle is "readily mobile." Pennsylvania v. Labron, 518 U.S. 938, 940 (1996). If both conditions are met, police may conduct a warrantless search "that is as thorough as a magistrate could authorize in a warrant[.]" United States v. Ross, 456 U.S. 798, 800 (1982).

We conclude that the totality of the facts and circumstances known to police were sufficient to support a reasonable belief that Arriaza's vehicle contained a firearm. Moreover, a car is "readily mobile" for purposes of the automobile exception so long as it is "'being used on the highways' or is 'readily capable of such use' rather than, say, 'elevated on blocks.'" Kelley, 592 F.3d at 591 (quoting Carney, 471 U.S. at 392-93). So long as a vehicle is "clearly operational[,]" we have found the vehicle to be "readily mobile" for purposes of determining whether a warrantless search of that vehicle was constitutional. See United States v. Brookins, 345 F.3d 231, 238 (4th Cir. 2003). Accordingly, "[t]he justification to conduct a warrantless search under the automobile exception does not disappear merely because the car

3

has been immobilized and impounded." See United States v. Gastiaburo, 16 F.3d 582, 586 (4th Cir. 1994) (upholding warrantless search of a car impounded by the police for thirty-eight days).

Despite the foregoing, Arriaza asserts that, like the search-incident-to-arrest exception at issue in Gant, "[t]he automobile exception to the warrant requirement has become untethered from its original reasoning" and "has been unconstitutionally expanded beyond its proper scope." In Gant, the Supreme Court determined that a search of a vehicle incident to a recent occupant's arrest is justified "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." Gant, 129 S. Ct. at 1719 (internal quotation marks and citation omitted).

The Supreme Court nonetheless explicitly mentioned that a broader application of the search-incident-to-arrest exception was unnecessary "to protect law enforcement safety and evidentiary interests" because "[o]ther established exceptions to the warrant requirement authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand." Id. at 1721 (recognizing, for instance, that "[i]f there is probable cause to believe a vehicle contains evidence

4

of criminal activity, United States v. Ross, 456 U.S. 798, 820-821[ ] (1982), authorizes a search of any area of the vehicle in which the evidence might be found"). Thus, we hold that Gant does not undermine this court's jurisprudence pertaining to warrantless searches of impounded vehicles. Cf. United States v. Griffin, 589 F.3d 148, 154 n.8 (4th Cir. 2009) (declining to apply Gant's reasoning to protective searches where suspect had not yet been arrested).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED